FILED
IN OPEN COURT
JUN - 1 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

MONET CHERRY,

Defendant.

Case No. 2:25-cr-116

STATEMENT OF FACTS

The United States and the defendant, MONET CHERRY (hereinafter, "the defendant"), agree that the allegations contained in the Criminal Information are true and accurate; and that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In or about the spring of 2025, co-conspirator Stephen McNeal (McNeal) was regularly receiving packages containing between two and three kilograms of cocaine that had been mailed using the United States Post Office from California to different addresses in Hampton Roads by the Sinaloa Cartel. The defendant, using the internet, tracked several of these packages to determine when they arrived so they could be picked up safely for McNeal.

2. On or about March 17, 2025, the defendant picked up a package on Granby Street in Norfolk, Virginia, within the Eastern District of Virginia. This package originally contained 2,284 grams of cocaine that had been previously interdicted by the United States Postal Investigative Service (USPIS) and then delivered by USPIS to the originally intended address on Granby Street. The defendant then drove the package to an apartment on Tidewater Drive in Norfolk where McNeal later arrived. As USPIS agents moved into to make the arrest, McNeal took the package and left it on the neighbor's porch, which was captured by a Ring camera. The



MC
EWH
RJK

defendant admits she attempted to possess with intent to distribute 500 grams or more of cocaine when she transported the package between Granby Street to Tidewater Drive.

3. In or about the middle of October 2025, McNeal was arrested on federal charges, and the defendant began talking to him on the jail phones. On or about October 12, 2025, the defendant informed McNeal that people (Sinaloa Cartel members) had come by her house wanting a way to communicate with McNeal.

4. On or about October 12, 2025, McNeal instructed the defendant to place a three-way call with Sinaloa Cartel member and co-conspirator Abelardo Vega (Vega). With the defendant on the line, McNeal informed Vega that McNeal had twelve charges. Vega inquired if one of McNeal's other workers could take over for McNeal while he was incarcerated.

5. On or about October 12, 2025, the defendant and McNeal discussed who should take over the organization in McNeal's absence. During the call, the defendant was critical of the person who McNeal was considering for this role, citing that the individual had a lack of drive and was lazy. The defendant indicated that this person would be "headache" and slept all day. The defendant cautioned McNeal to think about it further.

6. On or about October 13, 2025, the defendant again placed a multiline call to allow McNeal to talk with Vega. While the defendant was on the phone, McNeal told Vega that co-conspirator Shontay Willis (Willis) would be taking over for him, and Willis would be willing to meet for dinner and drinks. Later in the call, the defendant gave McNeal Vega's telephone number so McNeal could begin contacting Vega directly.

7. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the



MC
HXT
NJN

facts surrounding the defendant's case.

8. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Todd Blanche
Acting Attorney General

By: ______________________
for Joseph DePadilla
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, MONET CHERRY, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

MONET CHERRY.
Defendant

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

HARRY HARMON
Attorney for Monet Cherry.



MC
HH
njn